UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-281-FDW

| | |
|---|---|
| GIVONNO CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PRUETT, ) | |
| *Sgt., Marion Correctional Institute, et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). On November 7, 2017, this Court entered an order granting Plaintiff in forma pauperis status and waiving the initial filing fee. (Doc. No. 5).

### I. BACKGROUND

Pro se Plaintiff Givonno Carter, a North Carolina prisoner incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on October 10, 2017, pursuant to 42 U.S.C. § 1983, naming as Defendants: (1) FNU Pruett, identified as a sergeant at Marion; (2) FNU Turner, identified as the unit manager at Marion; and (3) FNU Brookshire, identified as a mail room officer at Marion. In the Complaint, Plaintiff alleges, among other things, that Defendants are intentionally interfering with and delaying his incoming mail, in violation of his "constitutional rights." (Doc. No. 1 at 2-3). Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages. (Id. at 7).

### II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

1

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Prisoners have a protected First Amendment right to send and receiving mail. Prison officials may, however, place reasonable restrictions upon these rights. See Turner v. Safley, 482 U.S. 78, 84 (1987) (establishing a four-factor test to determine whether a prison policy served a legitimate penological objective); Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (holding that Turner test applies to a prison's regulation of incoming mail). Taking Plaintiff's allegations as true, and construing all inferences in his favor, the Court finds that Plaintiff's First Amendment claim is not clearly frivolous and therefore survives initial review.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's First Amendment claim survives initial screening by the Court in that it is not clearly frivolous.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action survives initial review under 28 U.S.C. § 1915(e).

2. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons

forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the summons forms have been mailed to Plaintiff.

Signed: December 4, 2017

Frank D. Whitney
Chief United States District Judge