UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-281-FDW

| | |
|---|---|
| GIVONNO CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PUETT, ) | |
| *Sgt., Marion Correctional Institute, et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion for Judgment on the Pleadings, (Doc. No. 16), filed by Defendants Virginia Brookshire, Teresa Puett, and Keith Turner.

## I.     BACKGROUND

Pro se Plaintiff Givonno Carter, a North Carolina prisoner incarcerated at Marion Correctional Institution in Marion, North Carolina, filed this action on October 10, 2017, pursuant to 42 U.S.C. § 1983, naming as Defendants: (1) FNU Puett,[1] identified as a sergeant at Marion; (2) FNU Turner, identified as the unit manager at Marion; and (3) FNU Brookshire, identified as a mail room officer at Marion.  In the Complaint, Plaintiff alleges, among other things, that Defendants intentionally interfered with and delayed his incoming mail, in violation of his "constitutional rights."  (Doc. No. 1 at 2-3).  Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages.  (Id. at 7).

On January 24, 2018, Plaintiff filed his Verified Statement of Exhaustion, (Doc. No. 11),

---

[1] Plaintiff misspelled Puett's last name as Pruett in the Complaint.

1

wherein he attached and identified under penalties of perjury, Grievance Nos. 3730-2017-FU3W-05699 and 3730-2017-DU2E-05906 ("Nos. 05699 and 05906," respectively), as the grievances that demonstrate his exhaustion of his administrative remedies.

Defendants filed the pending motion for judgment on the pleadings on February 28, 2018, contending that Plaintiff's claims are barred under 42 U.S.C. § 1997e(a) by his failure to fully exhaust his available administrative remedies. (Doc. No. 16). On March 2, 2018, this Court entered an order, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the pending motion and of the manner in which evidence could be submitted to the Court. (Doc. No. 18). Plaintiff has filed a response, and Defendants have filed a reply. See (Doc. Nos. 19, 22).

## II. STANDARD OF REVIEW

Although Defendants filed a motion for judgment on the pleadings, both parties attached documents to their briefs related to the motion. Therefore, it is appropriate for the Court to convert the motion into one for summary judgment. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III.  DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil

action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). Finally, the Supreme Court recently reiterated that "[a] court may not excuse a failure to exhaust, even to take [special circumstances] into account." Ross, 136 S. Ct. at 1856, 195 L. Ed. 2d at 124.

An inmate need not plead or prove exhaustion; rather, failure to exhaust administrative remedies is an affirmative defense the defendants must plead and prove. Jones, 549 U.S. at 217. Upon the production of evidence establishing a failure to exhaust, the burden of showing that administrative remedies were unavailable lies with the plaintiff. See, e.g., Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (citing Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)). An inmate's unsworn, conclusory allegations that he purportedly filed a grievance that fulfilled his exhaustion obligation is insufficient. Pickens v. Lewis, No. 1:15-cv-275-FDW, 2017 WL 3277121, at *4 (W.D.N.C. Aug. 1, 2017) (collecting cases for the proposition that unsubstantiated and conclusory assertions by prisoner plaintiffs that prison grievances were hindered, without providing any details regarding the date the alleged

4

grievances were submitted, or to whom they were submitted, fail to create a genuine issue of material fact sufficient to withstand summary judgment).

Defendants have shown that Plaintiff did not fulfill his obligation under the PLRA to provide Defendants with fair notice of his claims before he filed this action. That is, the undisputed evidence shows that between January 1, 2015, and February 18, 2018–both before and after he filed this action–Plaintiff submitted and exhausted five grievances. (Doc. No. 15 at pp. 6-34: Kimberly Grande Aff., Attached as Ex. 1 to Answer). As noted, Plaintiff originally identified two of those grievances—Grievance No. 05699 and Grievance No. 05906–as those fulfilling his exhaustion obligations under the PLRA. (Doc. No. 11). However, Plaintiff did not exhaust either of these grievances until <u>after</u> he filed this action. Plaintiff filed this action on October 10, 2017, and the Complaint is dated October 6, 2017. Plaintiff submitted Grievance No. 05699 on October 4, 2017. (Doc. No. 11-1 at 1). The Inmate Grievance Resolution Board issued its Step 3 decision on November 16, 2017, about a month <u>after</u> Plaintiff filed this action. (<u>Id.</u>). Moreover, Plaintiff submitted Grievance No. 05906 on November 12, 2017, about a month after he filed this action, and the Inmate Grievance Resolution Board issued its Step 3 decision on January 3, 2018. (<u>Id.</u> at 2). Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. <u>See</u> <u>Ford v. Johnson</u>, 362 F.3d 395, 398 (7th Cir. 2004) (dismissing inmate's Section 1983 complaint as premature where inmate grieved his claim, but filed the complaint two days before grievance review board announced its final decision); <u>Johnson v. Jones</u>, 340 F.3d 624, 627-28 (8th Cir. 2003) (stating that "permitting exhaustion [while litigation is pending] undermines the objectives of section 1997e(a). . . ."); <u>Leal v. Johnson</u>, 315 F. Supp. 2d 345, 347 (W.D.N.Y. 2004) (dismissing inmate's Section 1983 complaint as premature where inmate had not completed all steps of the administrative process at

5

the time he filed suit).

In his response, and relying on Ross v. Blake, 136 S. Ct. 1850 (2016), Plaintiff contends the ARP was not available to him because: "a grievance I submitted that got signed by a[n] officer and was suppose[d] to be submitted to the grievance system. However, Sgt. Pruett brought the exact same grievance back to me and didn't allow me to submit it. This is on camera. [9.9.17 day shift] I also sent a grievance to the mail room officer Brookshire. It didn't get submitted." (Doc. No. 19 at p. 2). Plaintiff's allegations are not made under oath, affirmation, or penalty of perjury, i.e., they are not competent evidence. However, even if these allegations had been made under oath, they would still be insufficient for the following reasons.

First, Defendant Puett unequivocally denies–under penalties of perjury–ever refusing Plaintiff's grievance. (Doc. No. 22-2 at ¶ 8: Puett Aff.). Plaintiff does not identify the officer to whom he claims he originally delivered the returned grievance; the date or time of its delivery; or the place of its delivery. Plaintiff also does not describe the subject matter of the returned grievance, and he makes no claim that it relates to the substance of this case such that it would have fulfilled his obligation under the ARP. Instead, beyond his bald allegation, Plaintiff provides no particulars. Moreover, although Plaintiff has disclosed the date on which Defendant Puett purportedly returned his grievance, that disclosure comes long after the video retention period expired, and Defendants are now unable to offer counter-veiling video evidence to disprove the claim. (Doc. No. 22-3 at ¶¶ 7-8: Surrat Aff.). Furthermore, Plaintiff provides no particulars as to the date, time, or place of its return. Even if video still remained, the description provided does not provide Defendants sufficient information to identify the camera which captured the purported grievance, such that they cannot offer counter-veiling evidence. (Id. at ¶¶ 6, 8). Most importantly, Plaintiff has not produced a copy of the returned grievance. Indeed, if

6

Plaintiff elected to forego his administrative remedies on the supposition that the returned grievance foreclosed his use of the ARP, it is fair to expect that he would have produced a copy to substantiate his claim.

In sum, as Defendants note, Plaintiff's allegations that Defendant Puett refused to allow Plaintiff submit a grievance are simply not credible, as both before and after September 9, 2017– the date on which Defendant Puett allegedly returned Plaintiff's grievance to him–the ARP worked exactly as designed. See, e.g., (Doc. No. 15 at ¶¶ 6-34 (detailing the five grievances Plaintiff submitted and appealed through Step 3). In addition, Plaintiff submitted two other grievances on November 8 and November 27, 2017, both of which concerned mail service, and both which were rejected and returned to him because he submitted them before a pending grievance completed Step 2. See (Doc. No. 22-4 at ¶¶ 7-8: Gay McMichael Aff.; see also Doc. No. 15 at 34-45, § .0304(b) (stating that an inmate may submit a new grievance once pending grievance has completed Step 2 review)).

Next, Plaintiff's unsworn allegation that Defendant Brookshire refused to accept some unidentified grievance, on an unknown subject, on a date and time unknown, these allegations are even less detailed than the allegations against Defendant Puett and suffer from the same deficiencies. Similarly, Defendant Brookshire unequivocally denies–under penalties of perjury– ever refusing Plaintiff's grievance. (Doc. No. 22-8 at ¶ 8: Brookshire Aff.). In sum, Plaintiff's contention that administrative remedies were not made available to him is simply not credible.[2]

---

[2] Furthermore, as Defendants note, the ARP sets forth procedures for plaintiffs to complain about a prison official's wrongful interference with the grievance process. Here, despite Plaintiff's familiarity with the ARP, he made no use of these procedures when Puett and Brookshire purportedly blocked his efforts to grieve. That is, Plaintiff lodged no grievances– conventional or confidential–complaining about either Puett's or Brookshire's purported interference with the grievance procedure. Nor did he make a simple report to administration or

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants the motion for judgment on the pleadings filed by Defendants.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion For Judgment on the Pleadings, (Doc. No. 16), is **GRANTED**, and this action is dismissed without prejudice for failure to exhaust administrative remedies.

2. The Clerk is respectfully instructed to terminate this action.

Signed: June 7, 2018

Frank D. Whitney
Chief United States District Judge

---

to the Director of Public Safety.  See (Doc. No. 22-2 at ¶¶ 9-11; Doc. No. 22-8 at ¶¶ 9-11).